567 So.2d 1002 (1990)
In re Jane DOE, a Minor, Petitioner,
v.
Mother DOE, Mother and Natural Guardian, Respondent.
No. 90-2573.
District Court of Appeal of Florida, Fourth District.
October 9, 1990.
*1003 Jane Kreusler-Walsh of Klein & Walsh, P.A., and Michelle Hankey of Legal Aid Society of Palm Beach County, West Palm Beach, for petitioner.
Peter A. Sachs of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for respondent-Mother Doe.
Christina M. Simon of Steel Hector Davis Burns & Middleton, West Palm Beach, for respondents-Palm Beach Newspaper & Miami Herald.
LETTS, Judge.
Jane Doe is a mentally handicapped minor who also suffers from seizures. She is represented by an attorney ad litem.
The proceedings below were initiated by her mother and natural guardian who sought authorization for Jane's surgical sterilization and thereafter moved to close the proceedings in the trial court and bar the publishing or broadcasting of the identity of the parties. Mother Doe contended Jane's right of privacy outweighed the public's right to know details of these proceedings, involving highly personal matters, embarrassing and harmful to the minor. Palm Beach Newspapers, Inc. and Miami Herald Publishing Company moved to oppose the motion to close the proceeding and also to oppose any prohibition of publication of the parties' names. They also objected to an existing order sealing the court's records.
The trial court ruled in favor of the newspapers, applying the test for determining closure of civil proceedings that is articulated in Barron v. The Florida Freedom Newspapers, 531 So.2d 113 (Fla. 1988). Because much information about the subject matter of this case was already public information, the trial court denied the motion to close the proceedings and vacated the prior order sealing the court file. The trial court further noted that the press had obtained the names of the parties through lawful methods, and had voluntarily refrained from publishing them. The trial court concluded it could not impose a prior restraint against the publication of truthful information under the facts of this case, citing Nebraska Press Association v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).
We find no error. Certiorari is denied.
CERTIORARI IS DENIED.
STONE and POLEN, JJ., concur.